UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

D'ANDRE ALEXANDER #731077,

    Plaintiff,

v.                                                     Case No. 2:16-cv-67
                                                   HON. ROBERT J. JONKER
ARNULFO ORTIZ,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff D'Andre Alexander, a state prisoner currently confined at Macomb Correctional Facility, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Arnulfo Ortiz. Plaintiff alleges that Defendant Ortiz violated his right to be free from retaliation under the First Amendment. Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief. Defendant Ortiz has filed a motion for partial summary judgment on the issue of compensatory damages. (ECF No. 39.) Plaintiff has responded. (ECF No. 47.) This matter is now ready for decision.

Plaintiff's allegations arise from events that occurred while he was confined at the Chippewa Correctional Facility (URF). On December 22, 2013, Plaintiff was involved in a fight and was subsequently placed in segregation. Plaintiff later learned that there was a hit out on him as a result of the fight. On December 31, 2013, Plaintiff informed Defendant Ortiz of the threat and requested protection. Defendant Ortiz refused and told Plaintiff that if he kept "bugging" him, he would regret it.

On March 10, 2014, Plaintiff wrote an affidavit in which he described Defendant Ortiz's retaliatory actions in response to his request for protection. Plaintiff then had ARUS Gary McLeod notarize the affidavit. Mcleod warned Plaintiff that Defendant Ortiz was not going to like the affidavit. Shortly thereafter, Defendant Ortiz came to Plaintiff's cell and asked for the affidavit. Plaintiff refused to comply. Later that day, Plaintiff left his cell to go to a health appointment. When he returned, Plaintiff found that his cell was in total disarray. Plaintiff alleges that Defendant Ortiz confiscated and destroyed his property—including legal papers, copies of grievances, pictures of his deceased mother, and a book. Plaintiff also alleges that Defendant Ortiz came back the next day and trashed his cell again but did not confiscate any items.

In his complaint, Plaintiff seeks $20,000 in compensatory damages. Plaintiff states that he would like to recover for the mental and emotional injuries caused by Defendant Ortiz. Plaintiff states that he will never be able to replace the pictures of his deceased mother. Plaintiff would also like to be compensated for the legal papers that were taken and the book that was destroyed.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendant Ortiz moves for partial summary judgment on the issue of compensatory damages. He argues that Plaintiff's claim for compensatory damages is barred by 42 U.S.C. § 1997e(e) because he seeks damages for mental and emotional injuries without showing a physical injury.

Under the Prison Litigation Reform Act (PLRA), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). In *King v. Zamiara*, 788 F.3d 207 (6th Cir. 2015), the Sixth Circuit considered whether § 1997e(e) bars recovery on First Amendment claims that fail to allege a physical injury. The court held that the provision does not preclude relief because "deprivations of First Amendment rights are themselves injuries, apart from any mental, emotional, or physical injury that might also arise from the deprivation[.]" *Id.* at 212.

After holding that a plaintiff could be awarded compensatory damages on a First Amendment claim, the court then affirmed the district court's award of compensatory damages in the case. *Id.* at 216. The court explained that "[w]hen it is difficult to quantify precisely the damages caused by that injury, presumed damages may be awarded, but '[t]he award must focus on the real injury sustained and not on either the abstract value of the constitutional right at issue . . . or the importance of the right in our system of government[.]" *Id.* at 214 (internal citations omitted). In that case, the plaintiff alleged that he was transferred to a higher security prison in retaliation for filing a lawsuit. *Id.* at 210. The court determined that the district court correctly focused on the plaintiff's actual injury based on specific facts of the case. *Id.* at 215. Specifically, the court reasoned that the district court found "[the plaintiff] testified to an injury, i.e., the negative impact on his ability to obtain affidavits or declarations concerning prisoner property violations for use in [a different case]." *Id.* at 215.

Based on the Sixth Circuit's ruling in *King*, it is evident that Plaintiff can recover compensatory damages for the alleged deprivations of his First Amendment rights. Thus, Plaintiff may be entitled to a compensatory damage award based on the actual injury to his First Amendment rights. In other words, Plaintiff may be entitled to a compensatory damage award if he can show that Defendant Ortiz's destruction of legal materials had an effect on his ability to litigate his other cases. However, the compensatory damage award cannot be based on the alleged mental or emotional injury that was caused by Defendant Ortiz destroying the pictures of Plaintiff's deceased mother.[1] At this stage in the litigation, it is premature to determine whether Plaintiff cannot recover compensatory damages as a matter of law. Therefore, in the opinion of

---

[1] In his deposition, Plaintiff testified that he had trouble sleeping, struggled concentrating, felt violated, and experienced headaches.

the undersigned, Defendant Ortiz has failed to meet his burden that he is entitled to judgment on the issue of compensatory damages.

Accordingly, it is recommended that Defendants' motion for partial summary judgment (ECF No. 39) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: April 27, 2017

       /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE