UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

D'ANDRE ALEXANDER,

       Plaintiff,

                                     File No: 2:16-cv-67

v.

                                     HON. ROBERT J. JONKER

ARNULFO ORTIZ,

       Defendant.

_____/

## MEMORANDUM OPINION AND ORDER APPROVING
## AND ADOPTING THE REPORT AND RECOMMENDATION

      This is a prisoner civil rights action alleging a First Amendment retaliation claim. On April 27, 2017, United States Magistrate Judge Timothy P. Greeley issued a Report & Recommendation ("R&R") recommending that the Court deny Defendant's motion for partial summary judgment barring recovery of compensatory damages (ECF No. 39). (R&R, ECF No. 56.) The matter is before the Court on Defendant's objection to the R&R. (ECF No. 57.) This Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After conducting the *de novo* review, the Court is satisfied that the Magistrate Judge's recommendation is legally sound, and so the objection is overruled.

      Defendant argues that the Magistrate Judge's conclusion that Plaintiff may pursue damages for mental or emotional injuries is contrary to the plain language of the Prison Litigation Reform Act ("PLRA") and *King v. Zamiara*, 788 F.3d 207 (6th Cir. 2015). The PLRA provides:

> No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a showing of physical injury.

42 U.S.C. § 1997e(e). This does not mean, however, that prisoners can never recover for intangible damages in a First Amendment retaliation case. "'It would be a serious mistake to interpret section 1997e(e) to require a showing of physical injury in all prisoner civil rights suits. The domain of the statute is limited to suits in which mental or emotional injury is claimed.'" *King*, 788 F.3d at 213 (quoting *Robinson v. Page*, 170 F.3d 747, 748 (7th Cir. 1999)). Indeed, the Sixth Circuit opined that "deprivations of First Amendment rights are themselves injuries, apart from any mental, emotional, or physical injury that might also arise from the deprivation, and that § 1997e(e) does not bar all relief for injuries to First Amendment rights." *Id.* at 212. Thus, a prisoner's allegation that he suffered a First Amendment injury as a consequence of a prison official's action is cognizable under the PLRA, even absent allegations of physical injury. *Id.* at 213.

The Court agrees with and adopts the Magistrate Judge's analysis. Accordingly,

**IT IS ORDERED** that the April 27, 2017 R&R (ECF No. 56) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's objection to the R&R (ECF No. 57) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's motion for partial summary judgment (ECF No. 39) is **DENIED**.


Dated:     June 8, 2017                    /s/ Robert J. Jonker
                                           ROBERT J. JONKER
                                           CHIEF UNITED STATES DISTRICT JUDGE